## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Angelica Avila, *on behalf of herself and all others similarly situated,* | : |
| | : Civil Action No.: _____ |
| | : |
| Plaintiff, | : |
| v. | : |
| | : |
| United Auto Credit Corporation, | : **CLASS ACTION COMPLAINT** |
| | : |
| Defendant. | : |
| | : |
| | : |

For her Class Action Complaint, Plaintiff Angelica Avila, by and through undersigned counsel, pleading on her own behalf and on behalf of all others similarly situated, states as follows:

### INTRODUCTION

1.      Plaintiff, Angelica Avila ("Plaintiff"), brings this class action for damages resulting from the illegal actions of United Auto Credit Corporation ("United" or "Defendant"). Defendant knowingly and/or willfully placed automated calls to Plaintiff's cellular phone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA").

2.      United is a California-based "non-prime" automotive lender.  As explained on United's website, "When other lenders say 'no,' United Auto Credit says 'yes' . . . regardless of [the consumer's] credit history." *See* https://www.unitedautocredit.net/about.aspx (last visited June 13, 2016).   United's "Common Sense Override" program—extending credit to consumers common sense dictates should not be extended credit—"serves as the foundation of [its] corporate vision." *See id.*

3.      When United's customers inevitably fall behind on payments, United commences

1

autodialing its customers' 'references'—consumers whose telephone numbers were provided by United's customers, as required by United to obtain a loan.   These references have not given their telephone number or consent to be autodialed.   Indeed, many consumers, like Plaintiff, may not even be aware that their number had been provided.   United uses powerful automated dialing technology capable of extreme invasions of privacy to call these consumers, in violation of the TCPA.

4.     Plaintiff is one such consumer.   She received automated calls featuring prerecorded voice messages from United on her cell phone.   The calls were regarding some other person's auto loan.   She did not provide United her cell phone number or prior express consent to be contacted there.   Indeed, she was not even aware United had been provided her cell phone number.   Moreover, Plaintiff requested that United cease calling her, which United ignored, and continued calling.   She brings this lawsuit on behalf of herself and like-situated consumers for United's straightforward violations of the TCPA.

## PARTIES, JURISDICTION AND VENUE

5.     Plaintiff is and at all times mentioned herein was an individual person residing in New York, New York.

6.     United is a California corporation with an address of 1071 Camelback, Newport Beach, California 92660.

7.     This Court has subject matter jurisdiction under 28 U.S.C. §1331.

8.     Personal jurisdiction and venue in this district are proper pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides here and a substantial part of the events giving rise to the claim occurred here.

## FACTS RELATED TO PLAINTIFF

9.      Plaintiff's acquaintance "Isaiah Evans" obtained an auto loan from United (the "Loan").   Plaintiff was not a debtor or co-signer on the Loan.

10.      In the last four years, United began placing automated telephone calls to Plaintiff on her cellular telephone at telephone number XXX-XXX-5758 regarding the Loan.

11.      United called Plaintiff from telephone numbers 646-783-4330, 800-833-1940, 646-783-4319, and 646-462-4902.

12.      At all times mentioned herein, Defendant called Plaintiff's cellular telephone using an "automatic telephone dialing system" ("autodialer") as defined by 47 U.S.C. § 227(a)(1).

13.      When Plaintiff answered the calls from United, she heard a prerecorded voice message asking Plaintiff to "please hold" for the next available representative.   After the message the calls would be routed to a live agent.   When Plaintiff did not answer the calls, United left blended prerecorded/automated voice messages in her voice-mailbox stating: "This is an important message for Isaiah Evans.   Please have Isaiah Evans call United Auto Credit at . . . ."   This is indicative of United's use of a "predictive dialer," an autodialer under the TCPA.

14.      Plaintiff does not owe a debt to United.   Plaintiff has never done business with United.   Plaintiff did not give her number to United or permit Isaiah Evans to do so.   Plaintiff did not provide prior express consent to United to autodial her cellular telephone.   Accordingly, the automated calls placed by Defendant to Plaintiff were in violation of 47 U.S.C. § 227(b)(1)(A).

15.      On the calls, United's agents represented to Plaintiff that she was being called as a "reference" on the Loan.   Plaintiff advised United that she was not the acquaintance's reference

and requested that United cease calling her cell phone.

16.     Nonetheless, United continued to place automated, prerecorded voice calls to Plaintiff's cell phone.

17.     Plaintiff was annoyed, frustrated, and inconvenienced by United's calls. United's calls often distracted Plaintiff from her work or from caring for her children.   United called from several different numbers and Plaintiff was unable to successfully screen the calls.

18.     The telephone number called by Defendant was and is assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

19.     The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

## CLASS ALLEGATIONS

20.     Plaintiff brings this claim pursuant to Federal Rule of Civil Procedure 23(b)(2) and (b)(3) on behalf the following classes (the "Classes"):

**TCPA Class: (1) All persons in the United States (2) to whose cellular telephone number (3) United placed a non-emergency telephone call (4) using an autodialer or a prerecorded voice (5) within four years of the complaint (6) where United did not have express consent to call said cellular telephone number.**

**Willful/Knowing Violation Class: (1) All persons in the United States (2) to whose cellular telephone number (3) United placed a non-emergency telephone call (4) using an autodialer or a prerecorded voice (5) within four years of the complaint (6) after said person had advised United to cease calling.**

21.     Plaintiff represents and is a member of the Classes.   Excluded from the Classes are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, the Judge to whom this action is assigned and any member of the Judge's staff

4

and immediate family.

22.     Plaintiff does not know the exact number of members in the Classes, but based upon the size and national scope of United and the automated nature of the calls, Plaintiff reasonably believes that the Classes number in the thousands.

23.     The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The Class can be identified easily through records maintained by Defendant.

24.     There are questions of law and fact common to the members of the Class which predominate over any questions that affect only individual Class members. Those common questions of law and fact include, but are not limited to, the following:

> i.     Whether United engaged in a pattern of using an autodialer to place calls to cellular phones;
>
> ii.    Whether United had prior express consent to place the calls; and
>
> iii.   Whether United willfully violated the TCPA.

25.     As a person who received automated telephone calls from United on her cellular phone without having given prior express consent, and who advised United to cease calling, Plaintiff asserts claims that are typical of the members of the Classes.  Plaintiff will fairly and adequately represent and protect the interests of the class, and has no interests which are antagonistic to any member of the Classes.

26.     Plaintiff has retained counsel experienced in handling class action claims, including class claims involving violations of federal and state consumer protection statutes such as the TCPA.

27.     A class action is the superior method for the fair and efficient adjudication of this controversy.   Class-wide relief is essential to compel Defendant to comply with the TCPA. The interest of individual Class members in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages for violation of the TCPA are small in comparison to the costs and expenses of litigation of such claims.   Management of these claims is likely to present few difficulties because the calls at issue are all automated and the Class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones as United did not attempt to obtain consent required by the TCPA prior to placing the calls.

28.     Defendant has acted on grounds generally applicable to the Classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate. Moreover, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## COUNT I –VIOLATIONS OF THE TCPA

29.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

30.     Plaintiff brings this claim on behalf of herself and the Classes.

31.     United made automated telephone calls to the wireless telephone number of Plaintiff and the other Class members. These phone calls were made without the prior express consent of Plaintiff or the other Class members and were not made for emergency purposes.

32.     United has therefore violated the TCPA, 47 U.S.C. § 227(b)(1)(A), which makes it "unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or artificial or prerecorded voice."

6

33.     Each of the aforementioned calls by United constitutes a violation of the TCPA.

34.     Plaintiff and Class members are entitled to an award of $500.00 in statutory damages for each call made in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

35.     Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting Defendant's violation of the TCPA in the future.

36.     Plaintiff and Class members are also entitled to and do seek a declaration that:

- Defendant violated the TCPA;

- Defendant used an autodialer; and

- Defendant placed calls to the Plaintiff and the Class without prior express consent.

## COUNT II – WILLFUL VIOLATIONS OF THE TCPA

37.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

38.     Plaintiff brings this claim on behalf of herself and the Class.

39.     United made automated telephone calls to the wireless telephone number of Plaintiff and the other Class members. These phone calls were made without the prior express consent of Plaintiff or the other Class members and were not made for emergency purposes.

40.     United has therefore violated the TCPA, 47 U.S.C. § 227(b)(1)(A), which makes it "unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice."

41.     Each of the aforementioned calls by United constitutes a willful violation of the TCPA.

42.     Plaintiff and Class members are entitled to an award of up to $1,500.00 in

statutory damages for each call made in willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3).

43. Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting Defendant's violation of the TCPA in the future.

44. Plaintiff and TCPA Class members are also entitled to and do seek a declaration that:

- Defendant knowingly and/or willfully violated the TCPA;

- Defendant knowingly and/or willfully used an autodialer on calls to Plaintiff and the Classes;

- Defendant knowingly and/or willfully obtained the telephone numbers of non-debtors;

- Defendant willfully placed automated calls to non-customers such as Plaintiff and the Classes, knowing it did not have prior express consent to do so; and

- Defendant willfully disregarded non-customer consumers' requests for United to cease calling;

- It is Defendant's practice and history to place automated telephone calls to non-consumers without their prior express consent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Classes and against Defendant for:

A. Statutory damages pursuant to 47 U.S.C. § 227(b)(3);

B. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

8

C.      Declaratory relief as prayed for herein;

E.      Such other relief as the Court deems just and proper.

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff demands a trial by jury on issues so triable.

Dated: June 16, 2016                                    Respectfully submitted,

                                    By:     *<u>/s/ Sergei Lemberg</u>*
                                            Sergei Lemberg
                                            LEMBERG LAW, LLC
                                            43 Danbury Road
                                            Wilton, CT 06897
                                            Telephone: (203) 653-2250
                                            Facsimile:   (203) 653-3424
                                            *Attorneys for Plaintiff*